IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01049-EWN-OES

MITCHELL THEOPHILUS GARRAWAY,

Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

_____

**ORDER**
_____

**Entered by O. Edward Schlatter, United States Magistrate Judge**

Before me for consideration is plaintiff's motion which objects to his deposition scheduled for July 15, 2005. As discussed further below, plaintiff's motion will be denied.

Based upon a status report filed by the plaintiff on February 10, 2005, indicating that he had been returned to USP Florence, the stay of proceedings in this matter was dissolved and a Preliminary Scheduling/Status Conference was scheduled for March 28, 2005, at 9:00 a.m. A Minute Order setting the conference was sent to the plaintiff at the address he maintains on record with the court, directing the plaintiff to contact the court by telephone for the conference at the scheduled date and time, and supplying the appropriate telephone number. The Minute Order also notified the plaintiff that "[t]he purpose of the initial conference is to consider the nature and status of the case, the timing for filing any motions, and what discovery, if any, will be needed."

On March 28, 2005, at approximately 9:00 a.m., Mark Pestal, Assistant United States Attorney, was present in court for the defendants, but plaintiff failed to contact the court. This is not a criminal matter, and plaintiff's presence is not required for the court to proceed. Accordingly, the conference was held, with case management concerns being addressed and deadlines set. A copy of the court's Minute Order memorializing the conference was mailed to the plaintiff on March 28, 2005.

In his current motion, plaintiff first objects pursuant to Fed.R.Civ.P. 26(d), arguing that the defendants have not made a good faith effort to meet and confer with him prior to seeking discovery. Actions brought without counsel by a person in the custody of the United States are exempt from the Rule 26(f) requirement of meeting at least 21 days before a scheduling conference. See FED.R.CIV.P. 26(f) and FED.R.CIV.P. 26(a)(1)(E)(iii). However, Mr. Pestal was present at the court ordered March 28th conference to discuss discovery issues with the plaintiff and the court, to include the taking of depositions, but the plaintiff failed to participate. Accordingly, plaintiff's objection in this regard is without merit and overruled.

Plaintiff also objects that he was not given 11 days notice of the taking of his deposition, because although the deposition notice was dated July 6, 2005, it was not hand-delivered to him until July 8, 2005. D.C.COLO.LCivR 30.1(A) provides for 11 days notice for the taking of depositions unless otherwise ordered by the court. Plaintiff did not participate in the conference scheduled to address such matters, thereby waiving any objection he may have to the timing of his deposition. Further, he has been given a week's advanced notice of the deposition, and has demonstrated no undue burden or prejudice that the date of the deposition would cause. Therefore, I find that reasonable notice for the taking of the deposition has been given and plaintiff's objection is

...
...
...

overruled.

Plaintiff also complains that the parties have not conferred regarding limiting the time to be spent for the deposition. Again, this argument is waived by plaintiff's failure to participate in the conference set for the purpose of addressing such issues, and further, Rule 30(d)(2) of the Federal Rules of Civil Procedure specifically limits a deposition to one day of seven hours. There is no indication that plaintiff's deposition has been scheduled to exceed that limit, and no cause for deviation from the limit of the rule has been demonstrated. Plaintiff's objection is, therefore, overruled. Accordingly, this Order resolves plaintiff's currently pending motion in its entirety for purposes of Fed.R.Civ.P. 30(d) and D.C.COLO.LCivR 30.2, and no stay of plaintiff's deposition is warranted or necessary.

As addressed during the March 28, 2005, conference, the court finds that the discovery sought by the defendants through plaintiff's deposition is necessary and appropriate to the case. Therefore, cause has been shown for the taking of the plaintiff's deposition and any limitations under Rule 26(b)(2) Fed.R.Civ.P. would not apply. Further, the ends of justice would be served by the scheduling of such a deposition at the earliest possible date.

Accordingly, it is **ORDERED** that Plaintiff's Motion Objecting To Use Of Plaintiff's 15 July 05 Deposition Responses By Defendants [Filed July 13, 2005; Docket #87] is **OVERRULED** and **DENIED**. Additionally, it is **ORDERED** that defendants have permission pursuant to Fed.R.Civ.P. 30(a)(2) to take the deposition of the plaintiff on July 15, 2005, between 8:30 a.m. and 3:30 p.m., at the U.S. Penitentiary - Florence. The deposition is subject to the limitations of Rule 30(d) and further subject to all rules and regulations which the U.S. Penitentiary may impose in connection with its accommodation of deposition.

Dated at Denver, Colorado, this 14th day of July, 2005.

BY THE COURT:

s/ O. EdwardSchlatter

_____
O. Edward Schlatter
United States Magistrate Judge