IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01049-EWN-OES

MITCHELL THEOPHILUS GARRAWAY,

Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

## ORDER STRIKING PLAINTIFF'S SUR-REPLY

**Entered by O. Edward Schlatter, United States Magistrate.**

Plaintiff has filed a sur-reply [Docket #134] to the Motion For Summary Judgment filed by the defendants in this case. The Local Rules of Practice of the United States District Court for the District of Colorado-Civil authorizes briefs in support of a motion, in response to it, and in reply to the response. See D.C.COLO.LCivR 7.1C. The court does have, however, the discretion to allow the filing of additional briefs or memoranda. See Calvert v. Roadway Express, Inc., 2002 WL 234767, **2 (10th Cir. 2002) (unpublished opinion). Normally, however, the party seeking to file additional briefing or memoranda must obtain leave of court to do so. See Starlight Int'l, Inc. v. Herlihy, 181 F.R.D. 494, 496 (D.Kan. 1998). As a general rule, leave is granted only in "rare circumstances," such as when a party raises new arguments in their reply brief. McShares, Inc. v. Barry, 979 F.Supp. 1338, 1341 (D.Kan. 1997).

In this case, plaintiff has not sought leave of court to file the sur-reply he has submitted. On the second to last page of the sur-reply, plaintiff mentions that he seeks leave of court to "amend" his opposition to defendant's Motion For Summary Judgment.

However, the request is improper, as it is included within the sur-reply. See D.C.COLO.LCivR 7.1C. Additionally, as the plaintiff has been repeatedly cautioned against in this case, the plaintiff has provided no indication that he made any effort to confer with opposing counsel prior to filing the document. See D.C.COLO.LCivR 7.1A. Although the court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992); Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994).

None of these defendants have raised new arguments in their reply brief, instead they have simply addressed and defended against the respective responses made by the plaintiff. In addition, plaintiff was given ample opportunity in the filing of his response to fully present his position on each of the arguments initially made by the defendants in their motion. Plaintiff has demonstrated no cause why the information contained in his sur-reply could not have been presented in his response, and the record demonstrates no extraordinary circumstances to warrant the filing of the sur-replies. Further, the sur-reply does not help clarify plaintiff's claims, nor does it provide assistance in deciding the pending motion.

Accordingly, it is **ORDERED** that defendants' Motion To Strike Plaintiff's Opposition To Defendants' Reply [Filed November 3, 2005; Docket #135] is **GRANTED**. It is further **ORDERED** that plaintiff's sur-reply [Docket #134] shall be stricken from the record.

Dated at Denver, Colorado, this 8th day of November, 2005.

BY THE COURT:

s/ O. Edward Schlatter
_____
O. Edward Schlatter
United States Magistrate Judge