IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–01049–EWN–OES

MITCHELL THEOPHILUS GARRAWAY,

    Plaintiff,

v.

UNITED STATES OF AMERICA, *ex rel via*
FEDERAL BUREAU OF PRISONS,
GUY DRENNAN,
DALE GRAFTON,
JOSEPH GUNJA,
KENNETH LINCOLN,
MIKE MARONI,
LEONEL ORTEGA,
HECTOR A. RIOS, JR.
LEE RITTENMEYER,
MARK ROBLES,
RICHARD SAMS,
CELEST SANTOS-COLLINS,
BENJAMIN VALLE, and
ANDREW WATSON,

    Defendants.

## ORDER CONCERNING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the court on the "Recommendation of United States Magistrate Judge" filed by the assigned magistrate judge on July 24, 2006. The recommendation is that all claims against Defendants be dismissed, except for the eighth amendment excessive force claim asserted against Defendants Kenneth Lincoln, Lee Rittenmeyer, Mark Robles and Andrew

Watson.  These Defendants have objected to the recommendation.   The standard of review which this court employs in considering a magistrate judge's submissions depends upon whether the motion before the court and magistrate judge is viewed as dispositive or non-dispositive.  For case-dispositive motions, a district court assessing a magistrate judge's findings of fact and recommendations for disposition must make a "de novo determination of those portions of the report . . . to which objection is made."  *See* 28 U.S.C.A. § 636(b)(1) (West 1993); Fed. R. Civ. P. 72(b).  "When conducting de novo review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous."  *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989).   "[W]hen a party objects to factual findings based upon conflicting evidence or testimony, the district court must indicate that it is conducting a *de novo* determination rather than review under the 'clearly erroneous' standard."  *Id*. (citing *Aluminum Co. of Am. v. United States Environmental Protection Agency*, 663 F.2d 499, 502 [4th Cir. 1981]).

This lawsuit arises from an incident which occurred in Rittenmeyer's office.  Plaintiff was restrained by handcuffs and leg shackles.  Plaintiff, under oath, has stated that Rittenmeyer kicked Plaintiff's face four times.  He has further stated that Lincoln three times hit Plaintiff's jaw with his fist.  After Plaintiff rose to leave (as Plaintiff would have it) or to lunge at two departing guards (as Defendants claim), Robles caused him to fall backwards and hit his head on a chair or table.  According to Plaintiff, Watson watched all this and made no attempt to prevent the other Defendants' attacks.  Defendants' version of the event is quite different, but it is Plaintiff's version

which must be accepted for purposes of deciding whether any Defendant is entitled to summary judgment.

The court has no trouble accepting the recommendation that Rittenmeyer's, Robles, and Lincoln's motions be denied. There are genuine disputes concerning material facts. If Plaintiff's version were accepted by a jury, these three Defendants could be found liable for intentionally and maliciously inflicting pain in circumstances where Plaintiff had either been subdued (with respect to Rittenmeyer's blows) or where the force was more than necessary to subdue Plaintiff (in the case of Lincoln's and Robles's ).

The case for denying the motion is not so clear in the cases of Watson. Watson was a bystander, and the theory for holding him liable is that he failed to prevent the actions of the others. Given the brevity and suddenness of the others' actions, the court believes that Watson's case is controlled by authorities holding that such circumstances do not impose liability. *E.g., Wolson v. Town of Mendon*, 294 F.3d 1, 14 (1st Cir. 2002). Accordingly, summary judgment should enter in his favor. In accordance with the findings and conclusions stated herein, it is

**ORDERED** as follows:

1. The recommendation is ACCEPTED in part and REJECTED in part.

2. The motion to dismiss filed by the United States and the Federal Bureau of Prisons (#67) is GRANTED. Final judgment will be entered at the conclusion of this case in favor of United States and the Federal Bureau of Prisons and against Plaintiff, dismissing all claims with prejudice.

      3. The motion for summary judgment (#110) filed by Defendants Guy Drennan, Dale Grafton, Joseph Gunja, Kenneth Lincoln, Mike Maroni, Leonel Ortega, Hector A. Rios Jr.,  Lee Ritttenmeyer, Mark Robles, Richard Sams, Celest Santos-collins, Benjamin Valle, and Andrew Watson is GRANTED in part and DENIED in part.  The motion is GRANTED as to Guy Drennan, Dale Grafton, Joseph Gunja, Mike Maroni, Leonel Ortega, Hector A. Rios, Jr., Richard Sams, Celest Santos-Collins, Benjamin Valle, and Andrew Watson.  Final judgment will enter at the end of the case in favor of these Defendants and against Plaintiff, dismissing all claims against them with prejudice.  The motion for summary judgment is DENIED as to Kenneth Lincoln, Lee Rittenmeyer, and Mark Robles.

      4. The court will hold a status conference in this case on Friday, October 13, 2006, at 3:45 o'clock p.m.  Defendants shall arrange for participation by video-conference by Plaintiff and any Defendant interested in appearing personally.

      DATED this 25th day of September, 2006.

      BY THE COURT:

      s/ Edward W. Nottingham
      EDWARD W. NOTTINGHAM
      United States District Judge