IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  04-cv-01049-EWN-PAC

MITCHELL THEOPHILIUS GARRAWAY,

    Plaintiff,

v.

KENNETH LINCOLN,
LEE RITTENMEYER, and
MARK ROBLES,

    Defendants.

---

ORDER

---

O. Edward Schlatter, United States Magistrate Judge

This is a *pro se* prisoner civil rights action under *Bivens.*[1] The claims remaining are plaintiffs' Eighth Amendment excessive force claims against defendants Lincoln Rittenmeyer and Robles. *See* Order Concerning Magistrate Judge's Recommendation, dated September 25, 2006.  The matter before the court at this time is "Plaintiff's Motion for Order Compelling Disclosure Pursuant to Rule 37(a)(2)(4) – D.C.Colo.L.CivR 37.1 Discovery" (Doc. #169), filed December 4, 2006.

Plaintiff ask the court to compel defendants to produce the following documents: (1) a copy of the Bureau of Prisons (BOP) Custody Manual (current as of February 2003); (2) Oath of Office forms signed by the defendants in which they swore not to make false statements; (3) all SIS files and BOP Office of Internal Affairs files discussing, referring or relating to the February 2003 use of force/restraints on plaintiff; (4) documents compiled

---

[1] *Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

by or referencing Steven Santiago discussing, referring or relating to the February 2003 use of force/restraints on plaintiff; (5) defendant's employment files, including training materials and disciplinary records. Plaintiff apparently served the discovery requests on the remaining defendants on or about November 13, 2006.

Plaintiff filed motions to compel on July 7, 2005 (Docs. #82, #85), August 12, 2005 (Doc. #94), and August 26, 2005 (Doc. #102), asking the court to order defendants to produce the same documents. The court denied the first motion and allowed defendant an additional two weeks to respond to plaintiffs' written discovery requests. *See* Minute Order dated July 29, 2005. Plaintiff's second and third motions to compel were denied for plaintiff's failure to comply with Fed.R.Civ.P. 37(a)(2)(A), and D.C.COLO.L.CivR 7.1A and 37.1. *See* Minute Orders dated August 16, 2005 and October 19, 2005.

The deadline to complete discovery in this action was August 1, 2005. *See* March 28, 2005 Minute Order. Plaintiff has not demonstrated "good cause" for reopening discovery at this late date. Defendants' responses to the written discovery requests reflect that defendants have produced the Bureau of Prisons Custody Manual. *See* Plaintiff's Motion for Order Compelling Disclosure . . ., at 2. Plaintiff does not explain why he made no further efforts to obtain the other requested documents in a more timely manner, after plaintiff was advised repeatedly by the court of his obligations under Fed.R.Civ.P. 37. Indeed, plaintiff has once again failed to comply with Fed.R.Civ.P. 37(a)(2)(A) in filing his most recent motion to compel. Further, it is not clear that the requested documents, which are not privileged, are critical to plaintiff's ability to prove his Eighth Amendment claims against the three remaining defendants. Accordingly, it is

**HEREBY ORDERED** that "Plaintiff's Motion for Order Compelling Disclosure Pursuant to Rule 37(a)(2)(4) – D.C.Colo.L.CivR 37.1 Discovery" (Doc. #169), filed December 4, 2006, is **DENIED**.

Dated January 2, 2007

BY THE COURT:

s/ O. Edward Schlatter
O. EDWARD SCHLATTER
United States Magistrate Judge